IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RODOLPHO CARNAVAL, INDIVIDUALLY, AND ON BEHALF OF STELLA CARNAVAL AND EZRA CARNAVAL, KATIE J. DAVIS, INDIVIDUALLY, AND ON BEHALF OF CONNOR MCRANEY, RITA R. DAVIS, ZOE E. MCRANEY, AND GIDEON MCRANEY**<br>*Plaintiffs*<br><br>**VERSUS**<br><br>**ROLLINS, INC. d/b/a ORKIN, LLC.**<br>*Defendant* | **CIVIL ACTION NO.:**<br><br>**JUDGE:**<br><br>**MAG. JUDGE:**<br><br>**SECTION:** |

## COMPLAINT

The Complainants, **RODOLPHO CARNAVAL, INDIVIDUALLY, AND ON BEHALF OF STELLA CARNAVAL AND EZRA CARNAVAL, KATIE J. DAVIS, INDIVIDUALLY, AND ON BEHALF OF CONNOR MCRANEY, RITA R. DAVIS, ZOE E. MCRANEY, AND GIDEON MCRANEY**, through undersigned counsel, respectfully represent:

PARTIES

1.

Plaintiffs herein are:

a) **Rodolpho Carnaval**, individually, and on behalf of minor children, **Stella Carnaval** and **Ezra Carnaval**, a person of the full age of majority, presently domiciled in the State of Louisiana, Parish of St. Tammany;

b) **Katie J. Davis**, individually, and on behalf of minor child, **Connor McRaney**, a person of the full age of the majority, presently domiciled in the State of Louisiana, Parish of St. Tammany;

c) **Rita R. Davis**, a person of the full age of majority, presently domiciled in the State of Louisiana, Parish of St. Tammany;

d) **Zoe E. McRaney**, a person of the full age of majority, presently domiciled in the State of Louisiana, Parish of East Baton Rouge; and

1

e) **Gideon McRaney**, a person of the full age of majority, presently domiciled in the State of Louisiana, Parish of East Baton Rouge.

2.

Made Defendants herein are:

a) **Rollins, Inc. d/b/a Orkin, LLC ("Orkin")**, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia, and doing business in this judicial district, which at all times relevant herein, employed and caused Warren Hilliard, an unlicensed pesticide technician, to negligently administer toxic pesticide chemicals in the Plaintiff's residential property located at 304 W. 6th Avenue, Covington, Louisiana 70433 ("the Property").

b) **Russell Callen,** upon information and belief, a person of full age of majority, presently domiciled in State of Louisiana, Parish of St. Tammany, who is the primary licensee for Orkin Exterminating – Covington.

JURISDICTION

3.

This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1332 because Defendant **Orkin** is diverse in citizenship from the Plaintiffs and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

VENUE

4.

Venue is proper in this District pursuant to 28 U.S.C. 1391(b) and (c), because the Defendants are doing business in this District and because the events giving rise to the Plaintiffs' causes of action arose in this District.

GENERAL ALLEGATIONS

5.

All of the aforementioned Defendants are jointly, severally, and *in solido* liable unto Plaintiffs for a reasonable sum, together with legal interest thereon from the date of judicial demand until paid, and for costs of these proceedings for the following reasons:

2

6.

On or about June 13, 2018, Warren Hilliard ("Mr. Hilliard"), a technician of Defendant, Orkin, entered the Property to provide pesticide services for flea control.

7.

Upon information and belief, Mr. Hilliard, who is not a licensed pesticide technician, was unsupervised when he sprayed a toxic wet substance all over the interior of the Property, including, but not limited to the floors, furniture, cabinetry, children's toys, and appliances.

8.

The June 13, 2018 invoice from Orkin, which was executed by Mr. Hilliard, indicates that products allegedly used to treat the fleas were Precor 2000 Plus 7 oz. Aerosol, with active ingredients including:  N-Octyl, Bicycloheplene, dicarbonximide 2%, (S)-Methophene 0.085%, and Piperonyl Butoxide 1.4%, as well as Onslaught FastCap 23 oz Liquid, with active ingredients including: Esfenvalerate 6.4% and Pralethrin 1.6%.

9.

Subsequently, Orkin instructed Plaintiff, Katie Davis ("Ms. Davis"), to allow the wet substance to dry and become powder, then sweep and mop up the residue, which Ms. Davis attempted to do, however, the excessive amount of residue left all over the interior of the home, made it impossible to clean.

10.

After several hours of being exposed to the toxic chemicals discharged by the Orkin representative, Ms. Davis and her minor children, Stella Carnaval and Ezra Carnaval, became symptomatic and was forced to leave the Property to seek medical attention.

11.

With no warning of the severity of the toxic chemicals Orkin discharged inside of the Property, Plaintiffs, Ms. Davis, Rita R. Davis, and Zoe E. McRaney subsequently entered the Property on several occasions receiving further exposure to the chemicals.  Plaintiff, Gideon McCraney received daily exposure to the toxic chemicals until he eventually vacated the home with the family pets on or about June 16, 2018.

12.

Several days later, on or about June 16, 2019, Mr. Hillard returned to the Property and administered chemicals to the exterior of the home.  The products allegedly used to treat the fleas

were Precor 2000 Plus 5 oz. Aerosol, with active ingredients including N-Octyl, Bicycloheplene Dicarboximide 2%, (S)-Methoprene 0.085%, and Piperonyl Butoxide 1.4%, as well as Talstar Professional 1 Gallon, with active ingredients including Bifentrin 7.9%.

13.

On or about June 21, 2018, Plaintiff, Katie J. Davis, filed a chemical exposure complaint with the Louisiana Department of Agriculture & Forestry ("LDAF"), which commenced an investigation and collected samples of the chemicals discharged in the Property by Orkin.

14.

The LDAF collected and tested three (3) samples to determine if pesticides were properly sold or used following the pesticide label and Louisiana Pesticide Laws, and Rules and Regulations. The sole samples tested positive for environmental contaminants, suggesting that the pesticides were discharged in violation of their label and the Louisiana Pest Control Law.

15.

On or about September 5, 2018, the LDAF forwarded a formal notice charging Defendant, Russell Callen, the primary licensee for Orkin Exterminating – Covington, to appear for a hearing to respond to the LDAF's finding that Okin applied environmental contaminants to the Property in violation of the pesticide label.

16.

Specifically, the LDAF found that Defendants applied the toxic chemicals in violation of the Louisiana Structural Pest Control Law - LRS 3:3371(A)(3). As a result, Defendants were charged by the LDAF for violating said law.

17.

In lieu of appearing for the hearing, Defendant, Russell Callen, entered into a Stipulation, not contesting the allegations in the LDAF's September 5, 2018 charge letter and accepted the penalties assessed by the Agency.

18.

As a result of the Defendants' negligent discharge of excessive amounts of hazardous chemicals, Plaintiffs have not been able to live in the Property since the contamination. Ms. Davis and her children were forced to live in a hotel for approximately sixty (60) days until she found a rental property suitable for her family. To date, Plaintiffs reside in a rental property with no assistance from Defendants.

## FIRST COUNT:
## CLAIM FOR NEGLIGENCE AGAINST ORKIN

19.

Complainants re-allege those allegations contained in Paragraphs 1 through 18.

20.

Louisiana Civ. Code 2315 provides, "Every act whatever of man that caused damages to another obliges him by whose fault it happens to repair it." Orkin is liable for the damages caused by the Plaintiffs' exposure to toxic chemicals and property damage as a result of Warren Hillard's actions of discharging toxic pesticide contaminants inside and around the exterior of the Property.

21.

Orkin negligently and/or carelessly discharged toxic chemicals inside and around the exterior of the Property in violation of the pesticide label and Louisiana Structural Pest Control Law.

22.

Orkin had a duty to safely administer pesticide chemicals in Plaintiffs' home, to provide adequate warnings concerning exposures to toxic chemicals, to implement appropriate safety procedures to prevent toxic exposures, and to provide proper training and supervision to its pesticide technicians. Orkin negligently failed to discharge said responsibilities.

23.

Orkin failed to warn Plaintiffs of the exposure hazards of the mislabeled toxic chemicals it discharged inside and around the exterior of the Property.

24.

At all pertinent times herein, Warren Hillard was in the course and scope of his employment with Orkin when he discharged toxic chemicals inside and around the exterior of the Property. As a result of the foregoing and as per applicable Louisiana Law including, but not limited to, the Doctrines of Respondeat Superior, principal and agent, employer-employee, and/or master-servant, said Orkin and Russell Callen are the proper party-defendants, and to which the negligence and/or liability of Warren Hilliard.

25.

Orkin is responsible to Plaintiffs for the resultant environmental contamination of the Property, and therefore all damages caused thereby, costs of remediation and/or demolition of the Property, loss of use of the Property, severe physical pain and mental anguish, medical expenses, inconvenience, loss of enjoyment of life, and loss of earnings and/or diminished earning capacity in the future.

SECOND COUNT:
CLAIM FOR LEQA LIABILITY AGAINST ORKIN

26.

Plaintiffs re-allege those allegations contained in Paragraphs 1 through 18 above.

27.

Without a permit, Orkin discharged substances into the Property in violation of Louisiana law. As the owner of the site contaminated by discharge, Rodolpho Carnaval, has the right to remediate and/or demolish his Property, contaminated through no fault of his own, and to recover any and all costs associated with remediation and/or demolition of the Property, from Orkin, pursuant to the Louisiana Environmental Quality Act., La. Revised Statutes, 30:2026, et seq.

28.

Plaintiffs have made demand upon Orkin for the costs associated with remediation and/or demolition and loss of use of the Property, to no avail.

29.

Orkin is therefore liable unto Plaintiffs for all cost incurred by them in connection with the loss of use of the Property and for future costs for remediation and/or demolition, pursuant to La.R.S. 30:2026, et seq., together with attorney's fees.

THIRD COUNT
STRICT LIABILITY PURSUANT TO LA. CIV. CODE ARTICLE 2317

30.

Plaintiffs re-allege those allegations contained in Paragraphs 1 through 18 above.

31.

Orkin is responsible for the negligent acts of persons answerable to it, namely, Warren Hilliard and Russell Callen, who caused injuries to Plaintiffs and damage to the Property.

32.

Plaintiffs are entitled to recover, from Orkin, on the basis of La. C.C. art. 2317, all injuries and costs associated with the loss of use of the Property, demolition and/or remediation, and all such other damages as a reasonably due the Plaintiffs under the circumstances, including attorney's fees.  Orkin's employee/representative caused the discharge of pesticide contaminants onto the Property, which posed an unreasonable risk of harm and thereby caused severe injuries and damage to the Property.  Orkin is strictly liable for all injuries and all damage that its employees/representatives caused to Plaintiffs and the Property.

## DAMAGES

33.

Plaintiffs have suffered substantial damages as a result of the improper, unlawful, unauthorized, and actionable conduct of Orkin as set forth herein.  Plaintiffs are entitled to an amount in damages reasonably calculated to compensate them for injuries sustained, which include, but not limited to:

- a) Past and Future Mental pain and suffering;
- b) Past and Future Physical pain and suffering;
- c) Past and Future Medical expenses past and future;
- d) Past and Future Inconvenience;
- e) Past and Future Loss of Enjoyment of Life;
- f) Property damages;
- g) Loss of Use of the Property
- h) Past and Future Loss of Earnings and Benefits and/or Loss of Earning Capacity; and
- i) All damages allowed under Louisiana law which may be proven at the trial of this matter.

34.

**WHEREFORE**, the aforesaid premises considered, Plaintiffs pray that Defendants**,** be duly served with a copy of this Complaint and cited to appear and answer same, and that after due proceedings had, that there be a judgment herein in favor of Plaintiffs and against Defendants for the full amount of your Plaintiffs' damages, and all costs together with legal interest thereon from the date of judicial demand until paid.

Respectfully submitted:

**IRPINO AVIN & HAWKINS LAW FIRM**

  /s/ LORI A. WATERS
**ANTHONY D. IRPINO (#24727)**
**LORI A. WATERS (#29636)**
**KACIE F. GRAY (#36476)**
2216 Magazine St.
New Orleans, LA 70130
Tel: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com
lwaters@irpinolaw.com
kgray@irpinolaw.com

and

**GLAGO WILLIAMS, LLC**

  /s/ MARK P. GLAGO
**Mark P. Glago, Bar No. 25395**
**Jatavian Williams, Bar. No. 33431**
**Katherine E. May, Bar No. 32578**
**Marissa A. Hutabarat, Bar No. 33578**
First Bank & Trust Tower - 29th Floor
909 Poydras Street
New Orleans, Louisiana 70112
Telephone:     (504) 599-8666
Facsimile:     (504) 599-8699
mglago@glagolawfirm.com
jwilliams@glagolawfirm.com
kmay@glagolawfirm.com
mhutabarat@glagolawfirm.com